ACCESS TECHNOLOGIES SERVICES, INC.
HANK FALSTAD AIBCA, ICC #0001259
AMERICAN INSTITUTE OF BUILDING COMPLIANCE ARCHITECTS™
ACCESSIBILITY INSPECTOR/PLANS EXAMINER
BOARD CERTIFIED ADA ARCHITECT™
10225 Button Willow Drive
Las Vegas, NV  89134-7595
Telephone:  702-649-7575

ADA Architect for Plaintiff

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY - 3 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Laura Bartel, an individual
1561 Strauss Lane
Twinsburg, OH  44087
(330) 405-8984
Laurabartel6@gmail.com

    Plaintiffs

v.

Choice Hotels International, Inc.
Choice Hotels Circle #400
Rockville, MD  20850
Stephen P. Joyce, CEO
dba Comfort Inn
2641 W. Union Hills Drive
Phoenix, Arizona 85027

    Defendants

)
)
)
)
)   **2:21-cv-00828-JAD-NJK**
)
)
)
)   Complaint for Declaratory and
)   Injunctive Relief
)
)
)
)   [Civil Rights – Alleging Disability-Based
)   Discrimination]
)
)
)
)
)

Page 1
**Complaint for Declaratory and Injunctive Relief**

# INTRODUCTION

Hank Falstad, of ACCESS, told the plaintiff that he would take the case and get the buildings and site ADA compliant.

Section 12183① of the ADA of 1990 and the Amendment Act of 2008 are all about accessibility of buildings and sites. Section 12183 is 90% architectural, 5% litigation and 5% judicial. Accessibility of buildings and sites is a component of architecture and has been a part of the practice of architects for 60 years. Section 12205② is how the person with a disability engages the attorney and the Federal Judge and Architect, and the Attorney General in Sections (Subpart E and Section 12117③, and all to help that person with a disability in Section 12188④.

The architect is a major informational resource needed to make the ADA Acts work for that disabled person. I, Hank Falstad, an ADA architect of ACCESS TECHNOLOGIES SERVICES, INC. have been engaged by "Plaintiff," to get the buildings and sites of "Defendants" ADA compliant to Section 12183. I, on behalf of the Plaintiff, am filing this case in Federal Court as the ADA Acts require.

1. Section 12205 empowers that person with an ADA disability to get that building and site ADA compliant.
2. Section 12205 gives that person with an ADA disability free "Attorney Fees" to get that building and site ADA compliant.
3. Section 12205 gives that person with an ADA disability free access to that "Federal Court" so that Federal Judge can order that building and site owner to get that building and site ADA compliant.
4. Section 12205 gives that person with an ADA disability free "costs" to get that building and site ADA compliant. That Board Certified ADA Architect™ is a cost that identifies all items and elements of the building and site that are not ADA compliant. That Board Certified ADA Architect will survey the property and site for ADA compliance and the American Institute of Building

Compliance Architects™ will certify the building and site is ADA compliant.

5. (a) Subpart E, "Enforcement," requires the Attorney General to litigate.

    (b) Section 12117 Enforcement, Powers, remedies and procedures to the Attorney General.

6. Section 12188 Enforcement enables that person with a disability, "to engage not in a futile gesture."

①AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED     Page 49 of 72

Sec. 12183. New construction and alteration in public accommodation and commercial facilities

②AMERICAN WITH DISABILITIES ACT OF 1990, AS AMENDED     Page 61 of 72

Section 12205. Attorney's fees

In any action or administrative proceedings commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

③AMERICANS WITH DISABILITIES ACT OF 1990     Page 61 of 72

Subpart E, "Enforcement," describes the Act's title III enforcement procedures, including private actions, as well as investigations and litigation conducted by the Attorney General. These provisions are based on sections 308 and 310(b) of the Act.

③AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED     Page 23 of 72

Section 12117. Enforcement

(a) Powers, remedies, and procedures

The powers, remedies, and procedures set forth in sections 2000c-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

④ AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

(A) In general

(1) Availability of remedies and procedures

The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. Nothing in this section shall require <u>a person with a disability to engage in a futile gesture</u> if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

# COMPLAINT

Plaintiff, Laura Bartel, (hereinafter the "Plaintiff"), through their undersigned architect, hereby files this Complaint and sues, Choice Hotels International, Inc., Choice Hotels Circle #400, Rockville, MD 20850, Stephen P. Joyce, CEO, a Corporation, dba Comfort Inn, 2641 W. Union Hills Drive, Phoenix, AZ 85027 (hereinafter, collectively, the "Defendants"), for injunctive relief, architect's fees and litigation expenses (including, but not limited to, court costs and expert fees) pursuant to Title 42 U.S.C. Public Health and Welfare, Chapter 126 – Equal Opportunity for Individuals with Disabilities, Subchapter III – Public accommodations and services operated by private entities starting with 42 U.S.C. §12181, et. seq., ("THE AMERICANS WITH DISABILITIES ACT of 1990 [PL101-336] and the AMERICANS WITH DISABILITIES AMENDMENTS ACT OF 2008 [PL110-325], the "FEDERAL ADA").

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title 42 U.S.C. – Public Health and Welfare, Chapter 126 – Equal Opportunity for Individuals with Disabilities, Subchapter III – Public accommodations and services operated by private entities starting with §12181, et. seq. (hereinafter referred to as the "Federal ADA"). This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B); pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367 and thus, this Court has jurisdiction.

2. The remedies provided by the "Federal ADA" suits are brought under the Federal Civil Rights Act 1964.

3. Venue is proper in this Court, pursuant to the ADA Amendments Act of 2008 (P.L. 110-325), Section 12118. Enforcement, (a) in general, (1) Availability of remedies and procedures.

The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title.

Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

All professionals involved in this lawsuit are located in Las Vegas, Nevada; Federal ADA court, the DOJ Attorney General attorney, the American Institute of Building Compliance Architects, and Board Certified ADA Architect.

## PLAINTIFF

4. On or about and between February 09, 2015, the Plaintiff called to book a handicapped room in the Defendants' Facility known as Comfort Inn, located at 2641 W. Union Hills Drive, Phoenix, AZ 85027 (hereinafter sometimes referred to as "Defendants' Facility" or "Defendants' Property") encountered or had knowledge of the architectural barriers, violations of the "Federal ADA" as further enumerated and alleged in Paragraph below.

Advocate's Statement:

"I have requested a room with two beds with handicap accessibility at Comfort Inn 2641 W. Union Hills Drive, Phoenix, AZ, US, 85027. I called the hotel direct. They said they cannot accommodate this request because they don't have it. I could have a King bed but a room does not exist for double beds for handicap. When I asked for an email confirming this they refused. I then called head quarters at 1-800-300-8800 and they also refused to send me that in an email. I only have verbal confirmation that it does not exist but they will not take my reservation. Let me know how to proceed as I would hate to have anyone else experience this."

5. At the time of Plaintiff's visit to the Defendants' Facility, prior to instituting the instant action, Plaintiff is a resident of the United State of America. Plaintiff suffers from what constitutes a "qualified disability" under the "Federal ADA". Plaintiff has a certain developmental disability which limits the use of the plaintiffs' legs and uses a wheelchair. The Plaintiff personally visited Defendants' Property but was denied full and equal access to and full and equal enjoyment of the facilities within Defendants' Property, which is the subject of this lawsuit.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

6. The Plaintiff has visited, used, or attempted to use the property which forms the basis of this lawsuit on, about and between the dates above referenced, and but for the negligent discrimination encountered on the visit, plans to, and intends to, return to the property to avail themselves of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers and discriminatory policies and procedures at the subject property. The barriers to access at the property have endangered safety. Plaintiff is a disabled individual who is currently deterred from patronizing a public accommodation due to Defendants' negligent failure to comply with the "Federal ADA" signed into law in 1990, and so has suffered an actual injury. Plaintiff is threatened with harm in the future because of existing building ADA violations and imminently threatened non-compliance with the "Federal ADA", and so has suffered imminent injury.

# DEFENDANTS

7. Defendants may own and/or operate more properties the United States which are also in violation of the "Federal ADA".

8. The Defendant, which is doing business as Comfort Inn, located at 2641 W. Union Hills Drive, Phoenix, AZ 85027, is authorized to conduct, and is conducting business within the United States. Upon information and belief, Defendant is the owner, lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located and that the real property shall conform to laws, regulations, codes and ordinances of Federal, State, County, City or any other jurisdiction as each may apply, which is the subject of this action.

9. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A), §12182(b)(1)(A)(i) and §12183. Defendants are responsible for complying with the obligations of the Federal Civil Rights Laws, one of which is the "Federal ADA". The place of public accommodation that the Defendants own, operate, lease, or lease to and owns or operates Comfort Inn, which is located at 2641 W. Union Hills Drive, Phoenix, AZ 85027.

## SUBJECT PROPERTIES

10. All events giving rise to this lawsuit occurred in a County, State of the United States. Venue is proper in this ADA Court as the premises are located in the State of the United States and Defendants do business within the State of the United States.

11. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this ADA Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. See also 28 U.S.C. §2201 and §2202.

## AMERICANS WITH DISABILITIES FACTUAL ALLEGATIONS

**COUNT 1 – VIOLATION OF THE "FEDERAL ADA"**

12. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990 ("ADA"), Title 42 U.S.C. §12101 et. seq. with an effective date of January 26, 1992, followed by the Americans with Disabilities Amendments Act of 2008 ("ADA") on September 25, 2008, with an effective date of January 1, 2009.

13. Congress found, among other things, that:

> (i) now some 70,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting, and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those

opportunities for which our country is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
Title 42 U.S.C., Chapter 126 §12101(a)(1)-(3), (5) and (8).

14. Congress explicitly stated that the purpose of the "Federal ADA" was to:

    (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.
Title 42 U.S.C., Chapter 126 §12101(b)(1)-(4).

15. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R. §36.104, Defendants' Property is a place of public accommodation in that it is an inn facility which provides lodging and other services to the public.

16. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the "Federal ADA" and which must be in compliance therewith.

17. The Plaintiff is informed and believes, and therefore alleges that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

18. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of Title 42 U.S.C., Chapter 126, Subchapter III §12101 et. seq., and as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12182 et. seq., and by failing to remove architectural barriers pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12182(b)(2)(A) et. seq., where such removal is readily achievable.

## AMERICANS WITH DISABILITIES ACT CLAIMS

19. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, the Plaintiff visited Defendants' Property and was denied full and safe access to all the benefits, accommodations, and services of the Defendants. Prior to the filing of this lawsuit, the Plaintiff personally visited, used or attempted to use the Defendants' Property, on or about dates above mentioned, with the intention of using and enjoying the Property. When Plaintiff realized that there were violations of the "Federal ADA" at the Property, Plaintiff began perusing and cataloging these violations. Plaintiff visited the property with the desire of enjoying it, and possibly publishing information regarding the quality and the accessibility of Defendants' facilities but was denied full and safe access to the facilities of Defendants' Property, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit Defendants' Property in the future but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendants' Property, all in violation of the "Federal ADA".

20. The Defendants have discriminated against the individual Plaintiff by negligently denying the Plaintiff access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) et seq.

21. The Defendants have discriminated and are continuing to discriminate against the Plaintiff in violation of the "Federal ADA" by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendants' Property has shown that violations exist.

22. Pursuant to the mandates of Title 42 U.S.C., Chapter 126, §12101, the Architectural and Transportation Barriers Compliance Board (Access Board) is the government agency who has the responsibility to write the safe harbor for design and construction to be in compliance with the "Federal ADA" law and published the following:

(i) ADA Accessibility Guidelines 28 CFR Part 36 (56 FR 35544, July 26, 1991).

(ii) ADA & ABA Accessibility Guidelines; Final Rule (published in the Federal Register on July 23, 2004, guidelines effective September 21, 2004), hereinafter referred to as "ADAAG".

23. The Defendants' Subject Facility is in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et.seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations, pursuant to the mandates of Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(b) and §12181 et. seq. the ADA and 36 CFR Parts 1190 and 1191, with an effective date of September 21, 2004.

The American with Disabilities Amendments Act of 2008 P.L. 110-325
Title 42 – The Public Health and Welfare
Chapter 126 – Equal Opportunity for individual with Disabilities
Subchapter III – Public Accommodations and services operated by Private Entities
Section 12182 – Prohibition of discrimination by public accommodations

(a) General Rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

Hank Falstad, of ACCESS, said he would take the case and get the buildings and site ADA compliant. ACCESS documented the ADA finds of items and elements of the buildings and site **not** ADA compliant in an ADA accessibility inspection survey which is a part of this complaint, which covers some of the following items 302-1009.

### A. Building Blocks

| | |
|---|---|
| 302 | Floor or Ground Surface |
| 303 | Changes in Level |
| 304 | Turning Space |
| 305 | Clear Floor or Ground Space |
| 306 | Knee and Toe Clearance |
| 307 | Protruding Objects |

308   Reach Ranges
309   Operable Parts

**B. Accessible Route**

206.2.1   Site Arrival Points
206.2.2   Within A Site
206.2.3   Multi-Story Buildings and Facilities
206.2.8   Employee Work Areas
206.3     Location

402   Accessible Routes
403   Walking Surfaces
404   Doors, Doorways and Gates
405   Ramps
406   Curb Ramps
407   Elevators

**C. General Site and Building Elements**

502   Parking Spaces
503   Passenger Loading Zone
504   Stairways
505   Handrails

**D. Plumbing Elements and Facilities**

602   Drinking Fountains
603   Toilet and Bathing Rooms
604   Water Closets and Toilet Compartments
605   Urinals
606   Lavatories and Sinks
607   Bathtubs
608   Showers Compartments
609   Grab Bars
610   Seats
611   Washing Machines and Clothes Dryer

**E. Communication Elements and Features**

702   Fire Alarm Systems
703   Signs
704   Telephone
705   Detectable Warnings
707   Automatic Teller Machines and Fare Machines

### F. Special Rooms, Spaces, and Elements

| | |
|---|---|
| 804 | Kitchens and Kitchenette |
| 806 | Transient Lodging Guest Rooms |
| 811 | Storage |

### G. Built-In Elements

| | |
|---|---|
| 902 | Dining Surfaces and Work Surfaces |
| 903 | Benches |
| 904 | Check-Out and Sales and Service Counters |

### H. Recreation Facilities

| | |
|---|---|
| 1004 | Exercise Machines and Equipment |
| 1008 | Play Area |
| 1009 | Swimming Pools, Wading Pools and Spas |

24. Plaintiff has not and is not required under law to list each and every one of the violations of the "Federal ADA" with specificity. The Ninth Circuit Court of Appeals has held that one visit to a public accommodation and encountering or knowing of barriers in violation of the "Federal ADA", which deter future visits to the public accommodation, confer standing on a plaintiff and the right to conduct a Rule 34 Inspection on the whole of the public areas of the public accommodation.

> In so holding, we agree with Steger v. Franco, Inc., 228 F.3d 889 (8th Cir.2000), in which the Eighth Circuit held that a blind plaintiff who had only once attempted to enter the defendant's building had standing to bring an ADA challenge. The plaintiff was thwarted in his attempt to gain access to the men's restroom in the building because the signage did not comply with the ADA. Id. at 893-94. Like that plaintiff, Doran has personally encountered certain barriers that bar his access to Holiday's Paradise store. Further, the Steger court rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access, stating that such a "narrow construction" of the ADA would be "not only ... inefficient, but impractical." Id. See also Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1080-81 (D.Haw.2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.... Plaintiff should not be required to encounter every barrier seriatim... to obtain effective relief." (internal quotations

and citation omitted)). We agree with the Eighth Circuit that Doran need not necessarily have personally encountered all the barriers that bar his access to the Paradise store in order to seek an injunction to remove those barriers. (Emphasis Added).
Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir., 2002).

25. Defendants have discriminated against the Plaintiff by denying the Plaintiff access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to negligently discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of architectural barriers and the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy and is suffering irreparable harm and damages. Plaintiff has retained the undersigned architect and is entitled to recover architect's costs, and litigation expenses from the Defendants pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a) and 28 CFR §36.505; and as also listed in Regulation from Title III Section 36.505 which states that courts are authorized to award attorneys' fees, including litigation expenses and costs as provided in Section 12205 of the Act; the architect's fees are costs.

27. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR §36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR §36.402.

28. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter The Defendants' Facilities to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the "Federal ADA"; or by closing the facility until such time as the Defendants cure their violations of the "Federal ADA".

29. To date, the architectural barriers and other violations of the "Federal ADA" still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the "Federal ADA".

30. Pursuant to the "Federal ADA", Title 42 U.S.C., Chapter 126 §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have negligently failed to comply with this mandate.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the Subject Property and Subject Facility owned, operated, leased, controlled, and/or administered by the Defendants is in violation of the "Federal ADA".

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the "Federal ADA"; with in the next 24 months,

C. The Court enter an Order requiring the Defendants within or before the 23 months to certify that the buildings and site are ADA compliant by a Board Certified ADA Architect of the American Institute of Building Compliance Architects.

D. The Court enter an Order pursuant to any legally cognizable Jury Verdict rendered in this case.

E. The Court award reasonable architect's costs
    1. page ADA Accessibility Inspection Survey    $26,000.00
    2. Costs (Survey): From September 22, 2015 through 2020    $3,000.00

    **3. TOTAL:**    **$29,000.00**
    All costs payable within 7 days in full, copies to attorney general and federal judge.
    4. All costs after 2020, to be determined at later date.

F. The Court enters an Order directing the Defendant, after the certification that the building and site are ADA compliant, to give the Plaintiff a voucher to return to the property to enjoy the ADA retrofit. Include travel to and from his residence and $500 spending money all at no cost to the Plaintiff.

G. The Court award such other and further relief as it deems necessary, just and proper.

# DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,
ACCESS TECHNOLOGIES SERVICE, INC.

Date: February 6, 2021

*Hank Falstad* (signature)

Hank Falstad, AIBCA, ICC #0001259
American Institute of Building Compliance Architects™
Accessibility Inspector/Plans Examiner
Board Certified ADA Architects™
ACCESS Technologies Services, Inc.
10225 Button Willow Drive
Las Vegas, Nevada 89101
Phone: (702) 643-7575

Architect for Plaintiff

ADA/03-ACCESS Advocates/00-Advocates/2021/Survey/COMFORT INN/Complaint/Comfort Inn_DR02.020621